IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROY LEE JOHNSON                                                                            PLAINTIFF

VS.                                                           CIVIL ACTION NO. 4:10-cv-122-DPJ-FKB

MARSHA BAVETTA, PATRICK BURT,
DONNIE ADKINS, RALPH SCIPLE,
GRANT MAYER AND KEVIN BAYSINGER                                              DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Defendants'[1] Motion for Summary Judgment (Docket No. 23) and Plaintiff's Motions to Amend (Docket Nos. 25, 29). The Court held an omnibus hearing[2] in this matter on August 10, 2011, at which time it conferred with Plaintiff and counsel for Defendants in this suit brought pursuant to 42 U.S.C. § 1983. Johnson, who is housed at the Mississippi Department of Corrections Alcorn Satellite Facility,[3] filed his complaint on July 19, 2010, via the mailbox rule.[4] On the same day, he also filed an application to proceed *in forma pauperis* in this case. By previous order, this Court granted Johnson's request to proceed *in forma pauperis* under

---

[1] Only Defendants Adkins, Baysinger, Myers (incorrectly listed as Mayer), and Sciple filed a Motion for Summary Judgment. Defendants Bavetta and Burt moved to dismiss *ore tenus* at the *Spears* hearing in this matter.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] Though the docket sheet in this matter indicates Johnson is housed at EMCF, he testified at the *Spears* hearing that he is at the Alcorn Satellite.

[4] A pro se prisoner's complaint is considered filed when delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006).

28 U.S.C. § 1915. (Docket No. 8).  Johnson is pursuing his claims *pro se.*

At the hearing, the parties consented to have the undersigned conduct any and all further proceedings in this case and enter final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  For the reasons described below, the undersigned grants summary judgment as to all defendants.

I.     THE CLAIMS

By his complaint, Johnson alleges that on February 22, 2008, the Neshoba County, Mississippi, Sheriff Donnie Adkins and his deputies/investigators Ralph Sciple, Grant Myers and Kevin Baysinger ("County Defendants") violated the Fourth Amendment in executing a search warrant for narcotics at Johnson's residence, which Johnson testified at the hearing was a mobile home belonging to his sister.  During the search pursuant to a warrant,[5] officers found a loaded firearm within close proximity to Johnson.  Johnson was arrested and later convicted on the charge of possession of a firearm by a felon and the Mississippi Court of Appeals affirmed.  *Johnson v. State*, 42 So. 3d 53 (Miss. Ct. App. 2010).

Separate from the arrest on February 22, 2008, Johnson also alleges that on November 15, 2008, he was falsely arrested by Philadelphia, Mississippi, police officers/investigators Marsha Bavetta and Patrick Burt ("City Defendants") on a charge of

---

[5]In his Motion for Leave to File an Amended Complaint, Johnson stated that there was a valid warrant.  Docket No. 25.  At the hearing, Johnson first testified that there was no warrant but then admitted that there was a warrant; he just did not consider it specific enough.

2

rape. He alleges that he was found not guilty on the rape charge. There are no attachments by any parties as to the details of this finding from any state court records. However, in an opinion issued in another case in which Johnson sued the alleged rape victim, the Court stated that Johnson was found not guilty on this rape charge. *Johnson v. Alexander*, 2011 WL 1540384, *1 (S.D. Miss. Apr. 22, 2011)(dismissing Johnson's claims as frivolous).

Johnson challenges only the two arrests and acts leading to the arrests, not events at trial or during confinement. As for relief, the complaint seeks $150,000.00 from each defendant in his or her individual capacity and that they pay for counseling for Johnson's "emotional and physical disturbance."

Johnson filed two Motions to Amend, one on January 26, 2011, asserting malicious prosecution as to Defendants Bavetta and Burt arising from the incident on November 15, 2008, and a second motion to amend on April 25, 2011, alleging excessive force during the original incident on February 22, 2008. Defendants Adkins, Sciple, Myers and Baysinger oppose Johnson's second motion to amend on the basis that it would be futile to allow amendment since the statute of limitations has expired with respect to any excessive force claim arising form the original arrest.

Fed. R. Civ. Proc. 15(a)(2) states that the "Court should freely give leave [to amend] when justice so requires." Since Johnson is *pro se*, the motions for leave to amend are granted and the Court will consider all claims raised by Johnson.

At his August 10, 2011, omnibus hearing, Johnson was given an opportunity to clarify his claims and develop the facts leading to this lawsuit. The essence

of his Section 1983 claim is that he was arrested first by the County Defendants for possession of a firearm by a felon on a vague warrant when he did not know there was a weapon present, and then arrested by the City Defendants for a rape of which he was ultimately acquitted. Johnson also testified at the hearing that the County Defendants "manhandled" personal property while executing the search warrant on February 22, 2008.

After the hearing, the Court received a letter motion from Johnson, which he mailed before the hearing, requesting the date of the omnibus hearing and that counsel be appointed. Johnson did not mention his request for counsel at the hearing and the motion is denied. There is no automatic right to appointment of counsel in a Section 1983 case and the Court concludes that this case does not present exceptional circumstances warranting appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In making this determination, the Court is required to consider the following factors: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 213 (internal citations omitted).

Johnson has articulated his straightforward claims of violation of the Fourth Amendment in a clear and concise manner. He testified at the hearing that he had all the documents supporting his claims. After reviewing his filings in this case and Johnson's testimony regarding his history with the court system, the Court concludes Johnson is

4

capable of adequately representing himself in this matter.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the non-moving party, Johnson. *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986). In order to survive summary judgment, the non-moving party must demonstrate the existence of a disputed issue of material fact. *Anderson*, 477 U.S. at 247-48 (1986). To avoid the entry of summary judgment, the non-movant must bring forth "evidence of [his] own establishing each of the challenged

5

elements of [his] case.  Because factual disputes may not be resolved on motion for summary judgment, the plaintiff need not offer all of the evidence tending to support his case, only enough evidence 'from which a jury might return a verdict in [his] favor.  If [he] does so, there is a genuine issue of fact that requires a trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.* 939 F.2d 1257, 1264 (5th Cir. 1991) (internal quotations, citations, and brackets omitted).

### III. ORIGINAL CLAIM AGAINST DEFENDANTS ADKINS, BAYSINGER, MYERS, AND SCIPLE

Having reviewed the first claim and considered Johnson's testimony at the omnibus hearing, the Court finds that this claim should be dismissed.  In *Heck v. Humphrey,* the United States Supreme Court held that:

> when a state prisoner seeks damages in a 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; [and] if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 521 U.S. 477, 487 (1994).

Johnson claims that the warrant was not specific enough and that he did not know the gun the officers found during the search incident to the warrant was there.  Obviously, if Johnson were to prevail on these claims in this suit, it would necessarily imply the invalidity of Johnson's conviction for possession of a firearm by a convicted felon.  Johnson's conviction has never been invalidated, and, in fact, the Mississippi Court of Appeals affirmed Johnson's conviction on this charge.  *Johnson v. State*, 42 So. 3d 53 (Miss. Ct. App. 2010).

6

Thus, Johnson's claims regarding the sufficiency of the search warrant which led to the discovery of the firearm are barred by *Heck*. *Heck*, 512 U.S. at 487. Accordingly, these claims against the County Defendants, Adkins, Baysinger, Myers and Sciple, are dismissed with prejudice.

### IV. ORIGINAL CLAIM AGAINST DEFENDANTS BAVETTA AND BURT

As to his allegations concerning false arrest on a charge of rape against Defendants Burt and Bavetta, Johnson has not sufficiently alleged facts supporting a Section 1983 claim for false arrest. Qualified immunity shields officers from false arrest claims if they could have believed the arrest lawful under the law and with the information they had at the time. *See, e.g., Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

To overcome qualified immunity and prevail on a Section 1983 claim for false arrest, Johnson must demonstrate that he was arrested without probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). "[P]robable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir. 1998) (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). A police officer who reasonably but mistakenly concludes that probable cause is present is still entitled to immunity from liability. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

Johnson testified that his only complaint against Bavetta and Burt is that Bavetta interviewed him, showed the rape victim a photo line up, obtained a DNA sample from him, and that together Bavetta and Burt, on behalf of the victim, pursued charges against him. Johnson admitted that the rape victim identified him and did not allege that Bavetta and Burt had any reason to disbelieve the victim or that the City Defendants acted maliciously.

The City Defendants had probable cause to arrest Johnson based on the victim's statement and identification of Johnson, and a grand jury also found that probable cause existed and returned an indictment against Johnson for rape. The mere fact that Johnson was later found not guilty following a jury trial does not itself support a cause of action for false arrest. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 754 n.10 (5th Cir. 2001). These claims are dismissed as well.

### V. AMENDED CLAIMS AGAINST DEFENDANTS SCIPLE, MYERS, BAYSINGER, AND ADKINS

Johnson asserts an amended claim for excessive force against Sciple, Myers, Baysinger, and Adkins arising from the February 22, 2008 search. This claim is not *Heck* barred, if the success of the §1983 claim "will not demonstrate the invalidity of a [conviction]...." *Brown v. Sudduth*, 255 Fed. Appx. 803, 805 (5th Cir. Nov. 7, 2007). In order to determine whether an excessive force claim is barred by *Heck*, the Court must analyze "whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Johnson was convicted of possession of a firearm by a felon, and a finding of excessive force would not

undermine that conviction.

However, to overcome qualified immunity and maintain an excessive force claim pursuant to §1983, Johnson must prove that he: "(1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable." *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998).  The Fifth Circuit has held that a plaintiff must have "suffered at least some form of injury" which is not from a de minimis use of force to maintain an excessive force claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993); *see also Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).  Though Johnson made a cursory statement in a motion to amend, Docket No. 29, that the County Defendants violated his right to be free from excessive force, Johnson did not testify at the hearing as to any force used against him at all, excessive or otherwise.  Nor did Johnson testify that he suffered any injury.  Accordingly, Johnson's excessive force claim is dismissed.

At the hearing, Johnson testified that his Fourteenth Amendment Due Process right was violated because personal property (specifically, a couch, closet and carpet) was treated roughly by officers during the execution of the search warrant at the mobile home on February 22, 2008.  First of all, according to his testimony, Johnson did not own the property; it belonged to his sister; and, therefore, he has no claim or "injury" for any alleged damage to the property.  Moreover, although Johnson testified that the subject property was "tore up," he then testified that the carpet could be put back down and the couch and closet put back together, and that there was no permanent damage to or deprivation of the property.  Therefore, Johnson has no right to assert this claim for

9

alleged damage to someone else's property and has failed to show that there was, in fact, any damage to the property.

Further, Johnson did not assert this claim through any available state court process. Even assuming *arguendo* that Johnson could assert a claim for nonpermanent damage to his sister's property, the claim is barred.

As the Fifth circuit has recently reiterated:

> Under the Supreme Court's well-settled *Parratt/Hudson* line of cases, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a Section 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Allen v. Thomas,* 388 F.3d 147, 149 (5th Cir.2004); *See also Parratt v. Taylor,* 451 U.S. 527, 541–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The burden is on the complainant to show that the state's post-deprivation remedy is not adequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996).

*White v. Epps*, 411 Fed. Appx. 731, 732-33 (5th Cir. 2011).

Johnson did not demonstrate or allege that Mississippi fails to provide an adequate post-deprivation remedy. Even if he had so alleged, the Fifth Circuit has held that Mississippi's post-deprivation remedies satisfy due process. *See Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir.1994). Therefore, this claim is also barred by the Parratt/Hudson doctrine. Johnson's claim fails.

### VI. AMENDED CLAIM AGAINST DEFENDANTS BAVETTA AND BURT

Johnson's amended claim for malicious prosecution against Defendants Bavetta and Burt is based on the exact same facts as his Fourth Amendment false arrest claim.

10

Again, probable cause existed for the rape charge against Johnson, and Johnson has not alleged that Bavetta or Burt acted maliciously in performing their respective duties as law enforcement officers with respect to the rape charge. The Fifth Circuit has held that there is no free-standing constitutional right to be free from malicious prosecution and the plaintiff in a Section 1983 case must identify a specific constitutional violation. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Johnson has failed to identify any constitutional violation by Bavetta or Burt in relation to the rape charge, and these claims are dismissed.

### VII. QUALIFIED IMMUNITY

Alternatively, all Defendants are entitled to qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The facts alleged by Johnson are simply insufficient, even if true, to overcome the qualified immunity defense. At the hearing, Johnson claimed Defendant Sciple was "harassing" him because Johnson had "beat him" on a previous charge, but Johnson failed to describe any conduct by Sciple outside executing the search warrant. All Defendants, by Johnson's own testimony, were acting in an objectively reasonable manner in carrying out discretionary functions and Johnson alleges no conduct which violated his constitutional rights. *Davis v. Scherer*, 468 U.S. 183, 194 (1984).

### VIII. CONCLUSION

Based on the foregoing, this case is dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 13th day of September, 2011.

                                                /s/F. Keith Ball
                                              UNITED STATES MAGISTRATE JUDGE